# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| TASHA R. SIMON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:13-CV-00531-NKL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Tasha Simon seeks review of the Administrative Law Judge's decision denying her applications for disability insurance and supplemental security income benefits. [Doc. 5]. For the reasons set forth below, the decision of the ALJ is AFFIRMED.

**I.    Background**

From August 30, 2011 to January 7, 2012, Simon received regular psychiatric treatment from Dr. Casey Prough. On January 7, 2012, Dr. Prough completed a medical source statement regarding Simon's mental impairments. On this checkbox form, Dr. Prough indicated that Simon had a multitude of symptoms, which would cause her to be absent from work more than three times per month. In addition, Dr. Prough indicated that Simon had a marked or extreme loss in the ability to perform eighteen work-related mental activities. Dr. Prough further indicated that Simon had moderate difficulties in maintaining social functioning, constant deficiencies of concentration, persistence or

pace, and repeated episodes of deterioration or decomposition in work or work-like settings.

The ALJ found that Simon had the following severe impairments: fibromyalgia/fatigue, shoulder capsulitis (partial tear), degenerative disc disease of the lumbar spine, depression/anxiety, and obesity. Following an extensive discussion of the evidence of record, the ALJ found that Simon was not entirely credible and concluded that Simon retained the residual functional capacity ("RFC") to perform light work, subject to various further restrictions. This RFC determination paralleled the opinion of Dr. Thompson, a medical expert who testified at the second administrative hearing in this case, whose opinion the ALJ found to be persuasive and supported by the record as a whole. The ALJ considered Dr. Prough's opinion, but found it to be excessive, internally inconsistent, and inconsistent with Dr. Prough's own treatment notes. Based on the testimony of a Vocational Expert ("VE"), the ALJ concluded that Simon was capable of performing work that exists in significant numbers in the national economy and was, therefore, not disabled.

## II. Discussion

The Court will affirm the ALJ's decision denying benefits if it applied the correct legal standards and is supported by substantial evidence in the record as a whole. *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009). "Substantial evidence means less than a preponderance, but sufficient evidence that a reasonable person would find adequate to support the decision." *Hulsey v. Astrue*, 622 F.3d 917, 922 (8th Cir. 2010). The Court must consider the evidence that supports the ALJ's decision as well as the evidence that

detracts from it. *Pate-Fires*, 564 F.3d at 942. An administrative decision will not be reversed, however, simply because substantial evidence would have supported a contrary decision. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). If, after reviewing the evidence, it is possible to reach two inconsistent positions and one of those positions represents the ALJ's findings, the Court must affirm the decision. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

Simon argues that the ALJ erred by giving little weight to the opinion of her treating psychiatrist, Dr. Prough. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable diagnostic techniques and not inconsistent with the other substantial evidence in the record. SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Myers v. Colvin*, 721 F.3d 521, 525 (8th Cir. 2013). Nonetheless, an ALJ may discount or disregard a treating physician's opinion if it is internally inconsistent or conflicts with other substantial evidence in the record, such as the objective medical evidence, better-supported medical opinions, or the claimant's testimony. *Renstrom v. Astrue*, 680 F.3d 1057, 1064-65 (8th Cir. 2012); *Myers*, 721 F.3d at 525; *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *see also Medhaug v. Astrue*, 578 F.3d 805, 815 (8th Cir. 2009); *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006).

In this case, the ALJ gave good reasons for discounting the opinion of Dr. Prough and substantial evidence supports this decision. First, the ALJ found that Dr. Prough's opinion was internally inconsistent. [Tr. 19]. For instance, Dr. Prough indicated that Simon had a marked loss in the abilities to interact with the public, get along with

coworkers and peers, and maintain socially appropriate behavior, but later indicated that she had only a moderate limitation in maintaining social functioning. [Tr. 858]. In addition, the ALJ correctly found that Dr. Prough's opinion was not supported by, and in fact inconsistent with, his own treatment notes. Despite the relatively extreme limitations set forth in Dr. Prough's opinion, the mental status examinations he performed consistently revealed cooperative behavior, normal motor activity, fair attention, concentration, memory, and judgment, appropriate affect, and coherent thought processes, with no hallucinations, delusions, or suicidal or homicidal ideation. [Tr. 844, 846, 848, 851-52]. Furthermore, Dr. Prough regularly assessed GAF scores ranging from 55 to 65, [Tr. 846, 848, 889], with a high of 70, [Tr. 844], reflecting only mild to moderate symptoms or some difficulties functioning. *See, e.g.*, *Partee v. Astrue*, 638 F.3d 860, 862 (8th Cir. 2011) ("Dr. Bunting gave Partee a GAF score of 55–65, indicating mild to moderate mental impairment.").

Simon does not challenge any of the ALJ's stated bases for discounting Dr. Prough's opinion, and instead erroneously argues that the ALJ failed to consider this opinion. [*See* Doc. 17 at 12]. As discussed above, the ALJ evaluated, and for good reasons rejected, this opinion, which consisted of little more than a checklist form with little to no explanation or elaboration. [*See* Tr. 855-59]. In sum, the ALJ did not err in discounting this conclusory and inconsistent opinion. *See Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) ("It is appropriate, [] to disregard statements of opinion by a treating physician that consist[s] of nothing more than vague, conclusory statements." . . . In addition, the ALJ need not give controlling weight to a physician's

4

RFC assessment that is inconsistent with other substantial evidence in the record. (quotation and citation omitted)).

Simon also argues that the ALJ's RFC determination is not supported by substantial evidence because it is contrary to the opinion of the medical expert that testified at the second administrative hearing, which the ALJ found "persuasive and supported by the record," [Tr. 18]. Specifically, Simon claims that the ALJ erred in finding that Simon could perform light work, which involves lifting up to 20 pounds at a time with frequent lifting or carrying of 10 pounds, because the ALJ's decision stated that this expert testified that Simon "should be able to lift 10 pounds frequently and occasionally," [Tr. 23]. A review of this medical expert's testimony, however, reveals that the expert actually testified that Simon would be able to lift 20 pounds occasionally and 10 pounds frequently, as reflected in the ALJ's ultimate RFC determination. [Tr. 52]. Accordingly, the ALJ's erroneous transcription of the expert's testimony does not require remand. *See Collins v. Astrue*, 648 F.3d 869, 872 (8th Cir. 2011) ("[A]n arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." (quotation omitted)).

Finally, Simon argues that the ALJ gave the VE a defective hypothetical because it did not include all of the functional limitations identified by Dr. Prough or fully reflect Simon's subjective complaints of pain. As discussed above, however, the ALJ properly discounted Dr. Prough's opinion and, consequently, did not err in not including all of the limitations identified by Dr. Prough in the hypothetical presented to the VE.

With respect to Simon's subjective complaints, the ALJ gave good reasons for discounting Simon's credibility, including the lack of objective medical evidence, Simon's inconsistent reports to treatment providers, Simon's sporadic work history, and the fact that Simon left her last job because the position was eliminated, not because of a disabling condition. [Tr. 24-25]. Simon has not attempted to identify any defects in the ALJ's thorough analysis or cited any countervailing evidence not considered or improperly rejected by the ALJ. Accordingly, the Court will defer to the ALJ's credibility determination. *See Renstrom*, 680 F.3d at 1065 ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination."). As the ALJ's hypothetical appropriately reflected only those subjective complaints that the ALJ found credible and supported by the record as a whole, the ALJ presented a proper hypothetical to the VE.

## III. Conclusion

For the reasons set forth above, the decision of the ALJ is AFFIRMED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: August 1, 2014
Jefferson City, Missouri